# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER B. ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-076 |
| | ) | |
| BRIAN OWENS, | ) | |
| | ) | |
| Respondent. | ) | |

# **REPORT AND RECOMMENDATION**

Almost five years after an Effingham County jury convicted him of armed robbery and other charges, Christopher Roberts petitions *pro se* for 28 U.S.C. § 2254 relief. Doc. 1. Respondent moves to dismiss, contending that his petition is time barred.[1] Doc. 10-1 at 2.

---

[1] Under 28 U.S.C. § 2244(d)(1), Roberts was required to file his § 2254 petition within one year of the date his conviction became final. *Chavez v. Sec'y, Fla. Dep't. of Corr.*, 742 F.3d 940, 945 (11th Cir. 2014); *Smith v. Jones*, 2015 WL 521067 at * 4 (N.D. Fla. Feb. 9, 2015). That one-year clock is stopped only by the pendency of a properly filed state (direct or collateral) review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dept. of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan.7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dept. of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1.

The Georgia Court of Appeals affirmed Roberts' convictions on July 3, 2013. *Roberts v. State*, 322 Ga. App. 659, 666 (2013); doc. 1 at 2. On July 17, 2013 -- two days after the deadline to appeal to the Georgia Supreme Court[2] -- appellate counsel informed Roberts of that decision. Doc. 12 at 1. With no pending direct or collateral review proceeding to toll the limitations period, his one year federal habeas clock began to tick.[3] 28 U.S.C. § 2244(d)(2).

Roberts properly filed a state habeas corpus petition on March 31, 2014, thus pausing the clock after 258 days ticked off. Doc. 11-1. That petition was denied on July 15, 2014. Doc. 11-2. He timely sought a certificate of probable cause to appeal from the Georgia Supreme Court, but that too was denied on October 20, 2014. Doc. 11-3. Once again, the clock began to run. *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007) (it restarts when state court completes postconviction review).

On March 1, 2015, 133 days later, Roberts filed the present petition by placing it in the prison mail system. Doc. 1 at 14 (signed March 1,

---

[2] *See* Georgia Supreme Court Rule 38.

[3] Whether it ticked from July 15, 2013 (the deadline for seeking review from the Georgia Supreme Court), or July 17, 2013 (when Roberts' attorney informed him of the adverse appellate decision) matters not. Even measuring from July 17, the date most favorable to Roberts, his current petition remains filed well outside the one year limitations period.

2

2015). But that came 388 un-tolled days after his conviction became final. Without a valid excuse, his petition is untimely under § 2244(d)(1)(A).

Roberts argues that his attorney's failure to tell him of the adverse direct appeal within ten days of the decision prevented him from "seeking further appellate review," and thus excuses his untimeliness. Doc. 12 at 1. Roberts does not (indeed, cannot) argue that less than one year has run off § 2244(d)(1)'s clock. Whether his attorney's conduct precluded him from seeking additional review or not, 388 days passed from the expiration of the time for seeking direct review (in this case, ten days after the *Roberts* decision), until he filed the present petition. At bottom, then, Roberts argues for equitable tolling of the one year limitations period. *See Holland v. Florida*, 560 U.S. 631, (2010) (the "statutory limitations period [in § 2244(d)(1)] may be tolled for equitable reasons").

That, however, is only available if Roberts pursued his rights diligently, *and* "an extraordinary circumstance prevented him from filing a timely petition." *Aureoles v. Sec'y, D.O.C.*, 2015 WL 4113627 at * 1 (11th Cir. July 9, 2015) (quoting *Damren v. Florida*, 776 F.3d 816, 821

(11th Cir. 2015)). Attorney misinformation resulting in a missed deadline does not usually establish an extraordinary circumstance. *See Helton v. Sec'y for Dep't of Corrs.*, 259 F.3d 1310, 1313 (11th Cir. 2001) (attorney's incorrect calculation of the limitations period not an extraordinary circumstance justifying equitable tolling); *see also Alewine v. United States*, 2010 WL 3732258 at * 3 (S.D. Ga. Aug. 23, 2010) ("[I]t is well-settled that attorney negligence is not a basis for equitable tolling.").

In *Alewine*, for example, the petitioner argued that counsel's failure to advise him of his post-conviction appeal rights warranted equitable tolling. 2010 WL 3732258 at * 3. Indeed, the petitioner there failed to appeal on the basis of the allegedly bad advice. *Id.* The Court nevertheless easily concluded that equitable tolling did not apply. *Id.*

So too here. At worst, the delay in learning about the denial of his direct appeal started the limitations period earlier than it otherwise would have by preventing Roberts from seeking discretionary review by the Georgia Supreme Court. But that's functionally no different than an attorney miscalculating the limitations period, *Helton*, 259 F.3d at 1313, or failing to consult his client about an appeal, *Alewine*, 2010 WL

3732258 at * 3, neither of which are "extraordinary circumstances." Equitable tolling thus does not apply and Roberts' petition remains untimely.

Accordingly, the Court should **GRANT** respondent's motion to dismiss (doc. 10) Roberts' § 2254 petition. Doc. 1. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 12TH day of August, 2015.

_/s/ M. Smith_
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**